IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOHAMED OMAR,<br>　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　Respondent. | )<br>)<br>)<br>) 04 C 2075 (98 CR 923)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

In his § 2255 motion, petitioner Mohamed Omar claims that his trial lawyer was ineffective in connection with the negotiation of a post-conviction agreement which provided that the government would move for a downward departure to an agreed sentence. For the following reasons, Omar is not entitled to relief under § 2255.

## Background

In 2001, a jury found Omar guilty of conspiracy to commit racketeering in violation of 18 U.S.C. § 1962 and conspiracy to distribute and to possess with intent to distribute cocaine and cocaine base in violation of 18 U.S.C. § 846. The Probation Office subsequently prepared a pre-sentence investigation report ("PSR") which stated that the Guideline sentence applicable to Omar was mandatory life imprisonment.

In 2003, Omar entered into a "Post-Conviction Agreement for a Downward Departure to an Agreed Sentence." Under the agreement, the government stated that it would: (1) seek a downward departure under Sentencing Guidelines § 5K1.1 from the mandatory sentence of life imprisonment; and (2) recommend that Omar receive a sentence of thirty years. In return, Omar agreed to concede that the Guidelines calculations in the PSR were accurate and that he was therefore subject to mandatory life imprisonment. Omar also agreed not to seek any additional

downward departures and acknowledged that he understood and voluntarily entered into the agreement. Finally, Omar agreed not to appeal or file a collateral attack but reserved the right to file a § 2255 motion relating to "issues of ineffective assistance of counsel in the negotiation of this waiver."

As required by the agreement, the government sought a downward departure under § 5K1.1. The court granted the government's motion and sentenced Omar to thirty years of imprisonment pursuant to the parties' joint recommendation. Omar filed a timely § 2255 motion challenging his conviction and sentence. This matter is ready for disposition as the Seventh Circuit very recently clarified the scope of the proceedings before this court by holding that the rule set forth in *United States v. Booker*, 125 S.Ct. 738 (2005), is not retroactive on collateral review. *McReynolds v. United States*, No. 04-2520, 2005 WL 237642 (7th Cir. Feb. 2, 2005).

## Discussion

As noted above, the agreement provided that Omar would waive his right to challenge his conviction and sentence collaterally "except as to issues of ineffective assistance of counsel in the negotiation of this waiver." An agreement that contains a waiver of the right to file a § 2255 motion is enforceable unless the waiver was involuntary or counsel was ineffective in negotiating the agreement. *See, e.g., Bridgeman v. U.S.*, 229 F.3d 589, 592 (7th Cir. 2000). Here, Omar does not allege that his waiver was involuntary or that its terms were unclear. This is consistent with the court's recollection of its colloquy with Omar and its review of the transcript, which confirms that Omar agreed that he read the agreement, discussed it with his lawyer, and understood its terms. Thus, the court finds that the waiver was voluntary. *See Jones v. United States*, 167 F.3d 1142, 1144 (7th Cir. 1999) (a waiver of the right to appeal is valid if is

"express and unambiguous" and the record clearly demonstrates that it was made "knowingly and voluntarily").

The fate of Omar's § 2255 motion thus depends on whether Omar's trial counsel was ineffective during the negotiation of the agreement. To render effective assistance of counsel under the Sixth Amendment to the United States Constitution, counsel's performance must satisfy the well-known *Strickland* standard. *See Strickland v. Washington*, 466 U.S. 668, 687-91 (1984). Under the first prong of the *Strickland* standard, Omar must show that his counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88. The second *Strickland* prong requires Omar to establish that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See id.* at 694; *see also United States v. Martinez*, 169 F.3d 1049, 1052-53 (7th Cir. 1999) (to demonstrate prejudice arising from a guilty plea allegedly rendered involuntary by counsel's deficient performance, a petitioner must establish that counsel's performance was objectively unreasonable and that, but for counsel's erroneous advice, he would not have pleaded guilty).

Here, the court's inquiry begins and ends with its conclusion that Omar's counsel's decisions fall within the range of constitutionally effective representation. *See Hough v. Anderson*, 272 F.3d 878, 890 (7th Cir. 2002) (if a defendant fails to satisfy one of the *Strickland* prongs, the court need not address the other prong). First, the court disagrees with Omar's contention that the PSR was inaccurate and that, if counsel had properly challenged it, Omar would have received less than the agreed-upon term of thirty years.

It would have been pointless to challenge the PSR's recommended enhancements for use of a weapon, drug quantity, and leadership role. This was a conspiracy case and one of Omar's co-conspirators, Joseph Miedzianowski, carried a gun in the regular course of his duties as a

police officer so the use of a gun was reasonably foreseeable and chargeable to the co-conspirators. The court thus rejected the precise argument raised by Omar when it was raised by three of his co-defendants (Omar Feliciano, Lisset Rivera and Alina Lis) at their sentencing hearings. The court would not have treated Omar any differently.

In addition, at Omar's sentencing hearing, the court found, based on the evidence presented at trial and the jury's verdict, that the conspiracy involved "amounts of cocaine base vastly exceeding one and a half kilograms and cocaine exceeding 150 kilograms." Omar's arguments regarding the quantity of drugs fail to convince the court that its assessment of the quantity was incorrect. Moreover, the jury found that Omar was guilty of participating in the single drug conspiracy charged by the government. Since the jury found Omar guilty and thus found that Omar was guilty of participating in the single conspiracy charged by the government beyond a reasonable doubt, it was not unreasonable for his lawyer to decide not to challenge this finding at sentencing. *Cf. Soto v. United States*, 37 F3d 252, 255-56 (7th Cir. 1994) (evidentiary hearing was required to determine whether counsel's decision not to challenge existence of single conspiracy was reasonable when the defendant pleaded guilty and the record thus did not contain a finding of guilt beyond a reasonable doubt). Certainly, it is theoretically possible for counsel to have challenged the jury's verdict at sentencing, but it was a reasonable tactical decision not to pursue that argument given its low likelihood of success and the loss of the potential benefit from cooperating with the government at sentencing. *See Strickland v. Washington*, 466 U.S. at 689 (attorneys have "wide latitude . . . in making tactical decisions" so to obtain habeas relief, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound strategy).

This brings the court to Omar's claim that his lawyer should have challenged the PSR's recommended enhancement for Omar's leadership role. Omar asserts that there is no evidence, other than the government's assertions, showing that he was a leader. The court, however, vividly recollects the two-month trial in this case. Simply put, Omar's claim that he was a run of the mill member of the cocaine ring is flatly incorrect. In this regard, the court also notes that Feliciano and Lis, who went to trial with Omar, played a lesser role than Omar in the conspiracy and each received a thirty year sentence. It is inconceivable that the court would have given Omar a lower sentence than Feliciano or Lis given the circumstances of this case. Thus, it was within the range of constitutional effectiveness for counsel to decline to raise the doomed argument contained in Omar's § 2255 motion.

The court also rejects Omar's argument that the agreement is void because counsel had a "conceivable" conflict. In support of this argument, Omar asserts that his lawyer represented Yamil Omar, Omar's brother, but does not explain how this alleged representation was prejudicial. A defendant can establish ineffective assistance of counsel by showing that his attorney pressured him to enter into an agreement with the government because of the attorney's conflict of interest. *See Hall v. U.S.*, 371 F.3d 969, 974 (7th Cir. 2004). To do so, the defendant must either show that: (1) his attorney had a potential conflict of interest and that the potential conflict prejudiced his defense; or (2) an actual conflict of interest adversely affected his lawyer's performance. *Id.* at 973.

Because Omar states that the alleged conflict was "conceivable," he appears to be arguing that his attorney had a potential conflict of interest that prejudiced him. Omar does not specify, however, how counsel's actions prejudiced him or influenced the sentencing proceedings. In any event, Omar does not challenge the government's assertion that counsel

facilitated Yamil Omar's discussions with the government for the purpose of benefitting Omar. Omar has thus failed to establish that counsel's alleged representation of Yamil Omar affected his decision to enter into the post-conviction agreement.

The court next considers Omar's claim that he entered into the agreement because his lawyer and the government lied to him. According to Omar, he signed the agreement because he erroneously thought that he was otherwise facing a mandatory life sentence and the government promised to file a Rule 35 motion within one year. Omar's submissions fail to convince the court that anyone lied to him when they correctly advised him regarding the applicable Guidelines and the fact that under those Guidelines, he faced a life sentence. Moreover, the court went over the Guidelines calculations with Omar and explained how it arrived at its conclusion that the total offense level was 46, which corresponded to a life sentence. Omar then testified under oath regarding his understanding of the agreement and stated that he had discussed the agreement with counsel and was satisfied with his advice and efforts. Based on this record, Omar's argument based on alleged misrepresentations about the possible sentence he faced fails.

With respect to the Rule 35 motion the government purportedly promised, Omar has not pointed to any evidence supporting the existence of this alleged promise. "A mere allegation of an 'understanding' or 'promise' without some documentation or statement in the court record is insufficient to merit an evidentiary hearing much less a Rule 35 hearing." *Bischel v. U.S.*, 32 F.3d 259, 264 (7th Cir. 1994). Because Omar has failed to submit any documentation regarding the alleged promise, he is not entitled to void the agreement.

## Conclusion

For the foregoing reasons, the court finds that Omar's trial lawyer rendered constitutionally effective assistance in connection with the negotiation of the post-conviction agreement between Omar and the government. It thus denies Omar's request for relief under 28 U.S.C. § 2255 [1-1].

DATE: February 11, 2005

Blanche M. Manning
U.S. District Judge